CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

AUG 1 7 2009

LODGED_____REC'D
PAID_____DOCKETED

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 09-60949-fra7 |
| JOSEPH R. KIEFER II, | |
| Debtor. | |
| JOSEPH R. KIEFER II, | Adversary Proceeding No. 09-6105-fra |
| Plaintiff, | |
| vs. | |
| NORTHWEST COMMUNITY CREDIT UNION, | MEMORANDUM OPINION |
| Defendant. | |

Plaintiff/Debtor filed this adversary proceeding seeking a declaratory judgment that Defendant, by continuing to accept payments, has waived its right to declare Plaintiff in default of a retail instalment contract for the purchase of a motor vehicle, thus depriving Defendant of the right to self-help repossession. Defendant filed a motion to dismiss. As neither party asked for a hearing on Defendant's motion, and the Court finding that a hearing is unnecessary, the matter will be decided on the record and for Defendant.

// // //

Page 1 - MEMORANDUM OPINION

1

BACKGROUND

2        Plaintiff filed a chapter 7 bankruptcy case on March 10, 2009.

3 On the Statement of Intention, Debtor listed the secured debt to the

4 Defendant, indicated that he intended to retain the vehicle, and in

5 retaining the vehicle he checked the box "Other," with the explanation

6 that he intended to "retain, keep current." The boxes for "Redeem the

7 property" and "Reaffirm the debt" were left blank.

8        On June 26, 2009, an order discharging debts was entered.   The

9 Trustee on July 21, 2009 filed a statement indicating that there were no

10 non-exempt assets in the estate for distribution to creditors and an

11 order was entered on July 22, 2009 approving the trustee's account,

12 discharging the trustee, and closing the estate.  Prior to the closing of

13 the estate, Plaintiff filed this adversary proceeding. Defendant has not

14 yet repossessed the motor vehicle constituting its collateral, but the

15 Complaint appears to indicate that Defendant has declared a default and

16 accelerated the amount due.

17

DISCUSSION

18 A. Effect of Failure to Redeem or Reaffirm

19        Prior to the 2005 Bankruptcy Reform Act (BAPCPA)[1], a debtor who

20 was current on a purchase money secured loan could, at least in the Ninth

21 Circuit, maintain possession of the collateral and continue to make

22 payments on the debt without the need for redemption of the property or

23 reaffirmation of the debt. BAPCPA made several changes to the Bankruptcy

24 Code which effectively abrogated the "ride through" as an option

25

26       [1]Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

1 available to a debtor on filing.   See Dumont v. Ford Motor Credit Co.,
2 383 B.R. 481 (9th Cir. BAP 2008).

3        To summarize the changes made by BAPCPA, as applicable to the
4 present situation[2]: (1) A debtor must timely file a Statement of
5 Intention and must indicate on that form whether the debtor will
6 surrender the collateral or, if the intent is to maintain possession, to
7 redeem the collateral or enter into a reaffirmation agreement; (2) if the
8 intent is to redeem the collateral or enter into a reaffirmation
9 agreement, the required action must occur within 45 days of the meeting
10 of creditors under Code § 341(a). Failure to take the required actions
11 causes the following to occur: (1) the automatic stay is terminated, (2)
12 the property is no longer property of the estate, and (3) the creditor
13 may take whatever actions respecting the property as are allowed under
14 nonbankruptcy law, including the use of a contractual provision providing
15 for default upon the filing of bankruptcy, commonly known as an ipso
16 facto clause.

17        The Plaintiff indicated on his Statement of Intention that he
18 intended to retain the collateral, but did not state an intention to
19 redeem the property or reaffirm the debt. The effect of the Debtor's
20 action (or nonaction) was to eliminate the vehicle constituting the
21 Defendant's collateral from the property of the estate and to terminate
22 the automatic stay of 11 U.S.C. § 362(a) with respect to the motor
23 vehicle.   Defendant was then entitled to exercise its rights under
24 nonbankruptcy law regarding its collateral.

25

26        [2]The changes can be found at 11 U.S.C. §§ 521(a)(6), 362(h), and 521(d).

Page 3 - MEMORANDUM OPINION

B. Motion to Dismiss

Defendant seeks an order of dismissal on the grounds that this court is without subject matter jurisdiction. District court jurisdiction over title 11 cases is granted by 28 U.S.C. § 1334 and Bankruptcy Court jurisdiction is found at 28 U.S.C. § 157(a), which permits a district court to refer its jurisdiction over bankruptcy cases. Jurisdiction is conferred for "all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b).

Jurisdiction does not "arise under" title 11 in this matter because the cause of action is not "created or determined by a statutory provision of Title 11." McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co., 285 B.R. 460, 471 (D.Or. 2002)(internal citations omitted). Rather, the matter is determined solely on the basis of state contract law.  Nor does the claim "arise in" title 11, as such proceedings are limited to "those administrative matters that are not based on any right expressly created by title 11, but, nevertheless, would have no existence outside of the bankruptcy." Id. Plaintiff's claims involve state law issues that exist outside of bankruptcy and do not involve administration of the bankruptcy estate.

"In the Ninth Circuit the test to determine whether a civil proceeding is 'related to' a bankruptcy case 'is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy'." Dumont, 383 B.R. at 490.  A discharge order has been entered and this bankruptcy case has been closed. Any action the Defendant has taken or may take with regard to its collateral will have been taken after the vehicle ceased to be property of the estate.  No

action taken by the parties in this adversary proceeding will have any effect on the bankruptcy estate. The parties rights and remedies are now defined by the contract between them and by state law.  The Court therefore concludes that it does not have jurisdiction to determine matters relating to the subject matter of this adversary proceeding.  <u>See</u> <u>Dumont</u> at 490 (bankruptcy court lacked subject matter jurisdiction to determine whether repossession was valid under state law where property was no longer property of the estate).

Even if the Court could find that it has subject matter jurisdiction, it would voluntarily abstain under 28 U.S.C. § 1334(c) given the prominence of state law to the issues presented and the lack of federal law issues.

### CONCLUSION

For the reasons given, Defendant's motion to dismiss will be granted on the grounds that the Bankruptcy Court lacks subject matter jurisdiction over the issues presented.  Counsel for Defendant should prepare and file an order consistent with this Memorandum Opinion.


FRANK R. ALLEY, III
Bankruptcy Judge


Page 5 - MEMORANDUM OPINION